People v Lafontant (2020 NY Slip Op 07298)





People v Lafontant


2020 NY Slip Op 07298


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Friedman, J.P., Kapnick, Gesmer, Kern, Shulman, JJ. 


Ind No. 3042/17 3042/17 Appeal No. 12556 Case No. 2019-3951 

[*1]The People of the State of New York, Respondent,
v
Luders Lafontant, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Danielle Krumholz of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (Kevin McGrath, Jr., J. at plea; Curtis Farber, J. at sentencing), rendered April 2, 2018, convicting defendant of attempted identity theft in the first degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.
Defendant's claim of ineffective assistance of counsel is not reviewable on direct appeal because the existing record does not reveal what advice trial counsel actually gave defendant concerning the immigration consequences of his guilty plea. The existing record shows that, after the plea court made general references to some possible immigration consequences, it [*2]asked if defense counsel had "explained those potential negative immigration consequences" to defendant, and counsel answered "yes, I did, your Honor." Defendant argues that this interchange establishes that his counsel rendered ineffective assistance by misadvising him that there merely was a "potential" for deportation, when in fact deportation was mandatory (see Padilla v Kentucky, 559 US 356 [2010]; People v Pequero, 158 AD3d 421, 422 [1st Dept 2018]). However, counsel did not elaborate on the content of his conversation with defendant, including whether he told defendant that deportation was a "potential" or "mandatory" consequence of his plea. The plea court's yes-or-no question did not call on counsel to volunteer any details of the conversation or clarify what advice he gave. Thus, the record does not establish whether counsel's advice was accurate or inaccurate. "Without further development of the record by way of a CPL 440.10 motion, it cannot be determined exactly what discussions were had with defendant regarding the immigration consequences of his plea" (People v Gomez, 186 AD3d 422, 423 [1st Dept 2020]; see also People v Ramos, 169 AD3d 425 [1st Dept 2019]).
All concur except Gesmer, J. who concurs in a separate memorandum as follows:




GESMER, J. (concurring)
 

I join the majority in affirming because I am constrained to do so by this Court's decision in People v Gomez (186 AD3d 422 [1st Dept 2020]). However, I continue to believe that was wrongly decided for the reasons stated in my dissent. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020